## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MACUHEALTH, LP
a Michigan Limited Partnership,

      Plaintiff,

                            Case No. _____

v.                                      Jury Trial Demanded

OCUSCI, INC.
a California corporation,

      Defendant

---

## COMPLAINT

MacuHealth, LP ("MacuHealth") brings this complaint against OcuSci, Inc., ("OcuSci") for violations of 15 U.S.C. §1125(a) (Section 43(a) of the Lanham Act), the unfair competition common laws of the State of Michigan, and the Michigan Consumer Protection Act due to OcuSci's false and misleading representations of facts, characteristics, affiliation and approval of its MacuSafe product to customers for whom both MacuHealth and OcuSci compete. As the bases for its Complaint, MacuHealth states as follows:

## THE PARTIES

1.     Plaintiff MacuHealth, LP ("MacuHealth") is a Michigan Limited Partnership having a principal place of business at 280 N. Old Woodward Avenue, Suite 107, Birmingham, MI  48009.

2.     On information and belief, Defendant OcuSci, Inc. ("OcuSci") is a California corporation and has a principal place of business at 1104 Camino Del Mar, Suite 15, Del Mar, CA  92014.

## JURISDICTION AND VENUE

3.     This action arises under the laws of the United States, Title 15 of the United States Code, 15 U.S.C. § 1125(a) and the common law of unfair competition in the state of Michigan and the Michigan Consumer Protection Act, MCL 445.903.

4.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331, 1332(a) and 1338(b).  This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

5.     This Court has personal jurisdiction over OcuSci because OcuSci has transacted business in Michigan by among other things marketing, distributing, providing, offering for sale, and/or selling products, including a nutritional supplement for the treatment of macular degeneration called MacuSafe, in the United

2

States and in Michigan, including in this judicial district, such as through the

www.amazon.com website and through the website

https://shop.colanahealth.com/ProductDetails.asp?ProductCode-MS30000OSI, which

is accessible through OcuSci's website at http://ocusci.com/store/.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b),

1391(c), 1391(d).

## GENERAL FACTUAL BACKGROUND

7.      MacuHealth was established in 2006 and operates a facility at its

headquarters in Birmingham, Michigan.

8.      MacuHealth manufactures, sells and distributes a dietary supplement

for the treatment and prevention of macular degeneration, which MacuHealth sells

under the trademarks MacuHealth with $LMZ^3$ and  MacuHealth with $LMZ^3$ Plus.

9.      MacuHealth with $LMZ^3$ and  MacuHealth with $LMZ^3$ Plus include the

active ingredients Lutein, Meso-zeaxanthin, and Zeaxanthin.

10.     MacuHealth sells and distributes MacuHealth with $LMZ^3$ and

MacuHealth with $LMZ^3$ Plus throughout the United States, as well as various

other countries in the World.

11.     OcuSci also markets, sells and distributes a dietary supplement for the

treatment of macular degeneration, which OcuSci sells under the trademark

MacuSafe.

12.   MacuSafe purportedly includes the active ingredients Lutein, Meso-zeaxanthin, and Zeaxanthin.

13.   OcuSci has advertised, sold, and shipped MacuSafe to consumers located in Michigan, including in this judicial district.

## COUNT I

## UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a)(1)(B)

### (Misrepresentation)

14.   MacuHealth incorporates and reasserts each of the preceding paragraphs herein.

15.   OcuSci sells bottles of MacuSafe, each bottle containing 90 capsules.

16.   A representative bottle of MacuSafe is shown below:



17.    A bottle of MacuSafe includes a label adhered thereto, and the label includes a table of "Supplement Facts," as set forth below:



18.    The table of "Supplement Facts" on each bottle of MacuSafe lists the following four ingredients and amount of each ingredient that is purported to be included in each capsule:

| | |
|---|---|
| Bilberry (leaf) | 100 mg |
| Meso-zeaxanthin | 12 mg |
| Lutein | 10 mg |
| Zeaxanthin | 2 mg |

19.    OcuSci owns and operates a website at http://ocusci.com ("OcuSci's Website"). Exhibit 1.

20.    OcuSci advertises the MacuSafe dietary supplement on OcuSci's Website. Exhibit 2.

21.    OcuSci's Website advertises that MacuSafe includes the following ingredients in the stated amounts in each capsule:

5

- 10mg Lutein
- 12 mg Meso-zeaxanthin
- 2mg Zeaxanthin
- 100mg Bilberry

*Id.*

22.   OcuSci's Website sets forth a direct comparison of the purported amounts of Lutein, Meso-zeaxanthin and Zeaxanthin in each capsule of MacuSafe versus the amounts of the same ingredients in MacuHealth's MacuHealth Plus capsules.

**MacuSafe™ vs. MacuHealth™**
**Get 20% more MZ and 100 mg of Bilberry for FREE!**

| Ingredient (mg) | MacuSafe | MacuHealth |
|---|---|---|
| Lutein | 10 | 10 |
| Meso-zeaxanthin | **12** | 10 |
| Zeaxanthin | 2 | 2 |
| Bilberry | **100** | N/A |
| Caps per bottle | 90 | 90 |
| Caps per day | 1 | 1 |
| Cost per bottle | $75 | $75 |

*Id.*

23.   OcuSci's Website states that MacuSafe is "The most potent 3 Carotenoid formula available."  *Id.*

24.   MacuSafe capsules do not include 10mg of Lutein.

25.   MacuSafe capsules do not include 12mg of Meso-zeaxanthin.

26.   MacuSafe capsules do not include 2mg of Zeaxanthin.

6

27.     In September 2016, the Nutrition Research Centre Ireland ("NRCI")
conducted an analysis of 6 separate MacuSafe capsules taken from two different
bottles, both from manufacturing Lot No. 10919, and NRCI issued a report (the
"NRCI Report").  Exhibit 3.

28.     Both of the MacuSafe bottles having the MacuSafe capsules analyzed
by NRCI stated an expiration date of April 2018.  *Id.*, p. 2

29.     The NRCI Report indicates that the MacuSafe capsules include only
"trace amounts" of Lutein, Meso-zeaxanthin and Zeaxanthin.  *Id.,* p. 5.

30.     The NRCI Report indicates that the MacuSafe capsules have an
average of 0.01 mg of Lutein per capsule.  *Id.,* p. 2.

31.     The NRCI Report indicates that the MacuSafe capsules have an
average of 0.01 mg of Zeaxanthin per capsule.  *Id.,* p. 2.

32.     The NRCI Report indicates that the MacuSafe capsules have an
average of 0.03 to 0.04 mg of Meso-zeaxanthin per capsule.  *Id.,* p. 2.

33.     OcuSci's representations on OcuSci's Website and on the MacuSafe
bottles that MacuSafe includes 10mg of Lutein are false and misleading and
thereby constitute a misrepresentation of the nature, characteristics and/or
qualities of MacuSafe.

34.     OcuSci's representations on OcuSci's Website and on the MacuSafe
bottles that MacuSafe includes 12mg of Meso-zeaxanthin are false and misleading

and thereby constitute a misrepresentation of the nature, characteristics and/or qualities of MacuSafe.

35.    OcuSci's representations on OcuSci's Website and on the MacuSafe bottles that MacuSafe includes 2mg of Zeaxanthin are false and misleading and thereby constitute a misrepresentation of the nature, characteristics and/or qualities of MacuSafe.

36.    OcuSci's representation that MacuSafe is "The most potent 3 Carotenoid formula available" is false and misleading and thereby constitutes a misrepresentation of the nature, characteristics and/or qualities of MacuSafe.

37.    MacuHealth has been and continues to be damaged by OcuSci's misrepresentations as described above.

38.    OcuSci's misrepresentations constitute a violation of 15 U.S.C. §1125(a)(1)(B).

39.    OcuSci's violations of 15 U.S.C. §1125(a)(1)(B) have been willful and intentional.

## COUNT II

## UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a)(1)(A)

### (Likelihood of Confusion)

40.    MacuHealth incorporates and reasserts each of the preceding paragraphs herein.

41.    Dr. John Nolan is a well-known researcher in the area of macular degeneration at the Waterford Institute of Technology in Waterford, Ireland.

42.    Dr. John Nolan is the first named inventor on United States Patent Nos. 8,623,428 (the "'428 Patent") (Exhibit 4) and 8,962,043 (the "'043 Patent") (Exhibit 5), which are both directed to formulations for treating macular degeneration and that include Lutein, Meso-zeaxanthin and Zeaxanthin.

43.    MacuHealth sells MacuHealth with LMZ[3] and  MacuHealth with LMZ[3] Plus under license to the '428 Patent and the '043 Patent.

44.    On OcuSci's Website, OcuSci attributes the following quotation to Dr. John Nolan:

> Given that MZ (meso-Zeaxanthin)…is a stronger antioxidant than both lutein and zeaxanthin, its presence in a supplement will undoubtedly be of benefit for maintaining visual performance.

Exhibit 2.

45.    OcuSci indicates in connection with its advertising that Dr. Nolan is associated with "Medical College, Georgia, Ophthalmology." *Id.*

46.    Dr. Nolan notified OcuSci by letter on July 15, 2014 that he did not provide the quote set forth on OcuSci's website for MacuSafe and that the referenced affiliation with "Medical College, Georgia, Ophthalmology" is false. Exhibit 6.

47.     Dr. Nolan requested that OcuSci remove the quotation set forth on OcuSci's website and remove any reference to him in general.  *Id.*

48.     OcuSci has refused to remove the reference to Dr. Nolan and to the alleged quotation from its website, and such references remain there as of the filing of this Complaint.

49.     OcuSci's inclusion of a reference to Dr. Nolan in connection with its advertisement and promotion of MacuSafe is likely to cause confusion, mistake or to deceive customers as to the affiliation, connection or association of MacuSafe with Dr. Nolan, or as to Dr. Nolan's approval of MacuSafe.

50.     MacuHealth believes that it has and continues to be harmed by OcuSci's inclusion of a reference to Dr. Nolan in connection with its advertisement of MacuSafe.

51.     OcuSci's reference to Dr. Nolan in connection with the advertisement of MacuSafe constitutes a violation of 15 U.S.C. §1125(a).

52.     OcuSci's violation of 15 U.S.C. §1125(a) has been willful and intentional.

## COUNT III

## MICHIGAN COMMON LAW UNFAIR COMPETITION

53.     MacuHealth incorporates and reasserts each of the preceding paragraphs herein.

54.     OcuSci's misrepresentations of fact as to the ingredients of MacuSafe and OcuSci's creation of a likelihood of confusion with respect to the affiliation, connection, association between MacuSafe and Dr. Nolan and/or Dr. Nolan's approval of MacuSafe constitutes unfair competition under the common law of the State of Michigan.

## COUNT IV

## MICHIGAN CONSUMER PROTECTION ACT – MCL 445.903(1)

55.     MacuHealth incorporates and reasserts each of the preceding paragraphs herein.

56.     OcuSci has represented and continues to represent that MacuSafe includes 10mg of Lutein, 12mg of Meso-zeaxanthin and 2mg of Zeaxanthin, when, in fact, such representation is false.

57.     OcuSci's misrepresentations with respect to the ingredients of MacuSafe constitute violations of MCL 445.903(1)(c) and (e).

58.     OcuSci has advertised and promoted MacuSafe in connection with the afore-mentioned quotation from Dr. Nolan.

59.     OcuSci's reference to Dr. Nolan and/or use of Dr. Nolan's afore-mentioned quotation in connection with the advertisement and promotion of MacuSafe is likely to create confusion or misunderstanding as to the sponsorship, approval or certification of MacuSafe.

11

60.     OcuSci's reference to Dr. Nolan and/or use of Dr. Nolan's afore-mentioned quotation in connection with the advertisement and promotion of MacuSafe is a representation that MacuSafe has a sponsorship, approval or certification of Dr. Nolan, when, in fact, it does not.

61.     OcuSci's reference to Dr. Nolan and/or use of Dr. Nolan's afore-mentioned quotation in connection with the advertisement and promotion of MacuSafe constitutes violations of MCL 445.903(1)(a) and (c).

62.     OcuSci's violations of MCL 445.903(1) have been willful and intentional.

63.     MacuHealth is entitled to its reasonable attorneys' fees pursuant to MCL 445.911 as a result of OcuSci's violation of the Michigan Consumer Protection Act.

## PRAYER FOR RELIEF

WHEREFORE, MacuHealth prays for relief as follows:

A.     For a judgment determining that OcuSci is liable to MacuHealth for federal unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A);

B.     For a judgment determining that OcuSci is liable to MacuHealth for federal unfair competition in violation of 15 U.S.C. § 1125(a)(1)(B);

C.     For a judgment determining that OcuSci is liable to MacuHealth for unfair competition under the common law of the State of Michigan;

D.      For a judgment determining that OcuSci is liable to MacuHealth for violation of the Michigan Consumer Protection Act, MCL 445.903(1).

E.      For a judgement declaring that OcuSci's unfair competition under 15 U.S.C. §1125(a), the common laws of the State of Michigan and under MCL 445.903(1) has been willful and deliberate;

F.      For a judgment awarding MacuHealth: (1) OcuSci's profits; (2) damages sustained by MacuHealth; and (3) the cost of this action;

G.      For a judgment awarding MacuHealth treble OcuSci's profits due to OcuSci's willful and deliberate unfair competition;

H.      For judgment declaring that this case is exceptional per 15 U.S.C. § 1117(a);

I.      For a judgment awarding MacuHealth its attorneys' fees;

J.      For a judgment awarding the Plaintiff punitive damages as authorized by law;

K.      For an order preliminarily and permanently enjoining and restraining OcuSci and its officers, directors, employees, agents and servants, and all those in active concert of participation with any of them, from directly or indirectly stating, indicating or implying that its MacuSafe product includes Lutein, Meso-zeaxanthin and/or Zeaxantin.

L.      For an order preliminarily and permanently enjoining and restraining OcuSci and its officers, directors, employees, agents and servants, and all those in active concert of participation with any of them, from directly or indirectly using Dr. Nolan's name and/or likeness in connection with the advertisement and/or promotion of the Accused Product and any other product used to treat macular degeneration; and

M.      For such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

MacuHealth hereby demands a trial by jury in this action.

Dated:  September 30, 2016                    Respectfully submitted,

                                              By:    /s/Glenn E. Forbis
                                                     Glenn E. Forbis (P52119)
                                                     Harness, Dickey & Pierce PLC
                                                     5445 Corporate Drive
                                                     Suite 200
                                                     Troy, MI  48098
                                                     248-641-1600
                                                     gforbis@hdp.com

                                                     Counsel for Plaintiff

21000330.1